IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SINGLEY, | No. 4:CV-06-450 |
| Petitioner | (Judge Jones) |
| v. | |
| JEFFREY BEARD, Commissioner, Pennsylvania Department of Corrections; LOUIS B. FOLINO, Superintendent of the State Correctional Institution at Greene; and FRANKLIN J. TENNIS, Superintendent of the State Correctional Institution at Rockview, | |
| Respondents. | |

MEMORANDUM AND ORDER

March 3, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner is an indigent[1] death-sentenced prisoner who wishes to initiate federal habeas corpus review of his conviction and death sentence pursuant to 28 U.S.C. § 2254. On March 2, 2006, Petitioner filed the instant Motion for Leave to Proceed *In Forma Pauperis*, Appointment of Federal Habeas Corpus Counsel under 21 U.S.C. § 848(q), and Stay of Execution (doc. 1) to provide himself with the means to prepare a proper habeas petition.

---

[1] We note that it is not disputed that Petitioner qualifies as indigent.

Petitioner is scheduled to be executed on April 6, 2006. Following his conviction for first-degree murder and related counts, Petitioner was sentenced to death on January 31, 2001, in the Court of Common Pleas, Franklin County (No. 509 or 1999). Petitioner's convictions and sentence of death were affirmed on September 24, 2003. Commonwealth v. Singley, 582 A.2d 403 (Pa. Feb. 24, 2005), reargument denied, 872 A.2d 1125 (Pa. April 15, 2005). His petition for certiorari review was denied on November 14, 2005. Singley v. Pennsylvania, 126 S.Ct. 663 (2005). On February 13, 2006, Pennsylvania Governor Edward G. Rendell issued a death warrant scheduling Petitioner's execution for April 6, 2006.

Petitioner is presently seeking a stay of execution pursuant to McFarland v. Scott, 512 U.S. 849 (1994), and 28 U.S.C. § 2251, appointment of federal habeas corpus counsel pursuant to McFarland and 21 U.S.C. § 848(q)(4), and leave to proceed *in forma pauperis*.

Section 848(q)(4)(B) of Title 21 provides the following:

> In any post conviction proceeding under section 2254 or 2255 of Title 28 seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary service shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

In McFarland, the Supreme Court held that "a 'post conviction proceeding' within the meaning of §848(q)(4)(B) is commenced by the filing of a death row

2

defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." Id. at 856-7. Accordingly, once a death row defendant files a motion requesting the appointment of counsel, like Petitioner has done in this case, he is automatically entitled to the relief requested. Moreover, the Supreme Court held that § 848(q)(4)(B) and § 2251 "must be read *in pari materia* to provide that once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution." Id. at 858.

In the case <u>sub judice</u>, Petitioner is scheduled to be executed on April 6, 2006, which is in approximately one month. We are cognizant of the fact that were we to deny Petitioner's concurred Motion for a Stay of Execution, counsel for Petitioner would lack sufficient time to familiarize herself with the voluminous state court record and other applicable material in order to prepare an appropriate habeas petition in this action. We are not unmindful that Petitioner's underlying conviction involves the murder of more than one individual. However, we note that by entering a stay of execution at this juncture, we are in no way reaching the constitutional merits of the habeas filing which our Order will facilitate. Rather, we are following, as we must, the clear precedents established by the United States Supreme Court and the Third Circuit Court of Appeals governing actions of this

type.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Petitioner's Motion for Leave to Proceed *In Forma Pauperis*, Appointment of Federal Habeas Corpus Counsel under 21 U.S.C. § 848(q), and Stay of Execution (doc. 1) is GRANTED.

2. Petitioner's execution, scheduled for April 6, 2006, will be stayed pending completion of these habeas corpus proceedings, or until further Order of this Court.

3. Petitioner may proceed in these habeas proceedings *in forma pauperis*.

4. The Capital Habeas Units of the Federal Public Defender Office for the Middle District of Pennsylvania and the Federal Community Defender for the Eastern District of Pennsylvania are appointed pursuant to 21 U.S.C. § 848(q)(4)(B) to represent Petitioner in his to be filed habeas corpus petition.

5. Petitioner is hereby directed to file his Petition for Writ of Habeas Corpus within 180 days of this Order.

/s/ John E. Jones III
John E. Jones III
United States District Judge