IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL B. SINGLEY, | No. 4:CV-06-450 |
| Petitioner | (Judge Jones) |
| v. | |
| JEFFREY BEARD, Commissioner, Pennsylvania Department of Corrections; LOUIS S. FOLINO, Superintendent of the State Correctional Institution at Greene; and FRANKLIN J. TENNIS, Superintendent of the State Correctional Institution at Rockview, | **THIS IS A CAPITAL CASE** |
| Respondents. | |

## MEMORANDUM AND ORDER

Petitioner Michael B. Singley filed a stay of execution with the Court on March 2, 2006. (Rec. Doc. 1.) The Court issued the stay of execution on March 3, 2006, and Petitioner was directed to file a petition for writ of habeas corpus within 180 days of the date of the Order. (Rec. Doc. 3.) On July 18, 2006, the Court set forth a schedule for the remainder of the proceedings, and directed Petitioner to file his habeas petition on or before August 30, 2006. (Rec. Doc. 6.) Before his habeas petition was due to the Court, Petitioner requested a sixty (60) day extension of time in which to file the petition, (Rec. Doc. 7), which the Court granted on August 21, 2006. (Rec. Doc. 9.) Thereafter, on October 30, 2006, Petitioner timely filed his habeas petition. (Rec. Doc. 11.) Pending before the Court is Petitioner's motion to stay the federal proceedings or, in the alternative, dismiss the petition without prejudice to permit Petitioner to exhaust claims in state court. (Rec. Doc. 12.) In his motion, Petitioner argues that he has not exhausted state remedies for some of the claims raised in the habeas petition before the Court.

The Third Circuit Court of Appeals has held that "district courts have the discretion to stay mixed habeas corpus petitions but that, as in this case, when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004). The Court added that in such cases, "all of the petitioner's claims should be stayed, and any

claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture." *Id.* at 154 n.5. When a petition for writ of habeas corpus is stayed, the Court must give a petitioner a reasonable interval, usually thirty (30) days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court. *Id.* at 154.

Accordingly, this 31st day of October, 2006, it is hereby **ORDERED** that:

1. Petitioner's motion to stay the federal proceedings (Rec. Doc. 12) is **GRANTED**. Petitioner's Petition for a Writ of Habeas Corpus (Rec. Doc. 11) is **STAYED** pending exhaustion of state remedies of his unexhausted claims.

2. The stay of execution issued by the Court in the Order of March 3, 2006 (Rec. Doc. 3) shall **REMAIN IN EFFECT**.

3. Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4. If Petitioner is denied state post-conviction relief, he will have thirty (30) days from the time of denial to resume his habeas corpus proceeding in federal court.

                                              /s/ John E. Jones III
                                              JOHN E. JONES III
                                              United States District Judge